# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHALONDA BLOUNT

**DEFENDANTS**
ACOS ENERGY LLC

**(b)** County of Residence of First Listed Plaintiff: Atlantic
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Camden
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esquire
Console Mattiacci Law LLC, 110 Marter Avenue, Suite 502, Moorestown, NJ 08057

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq. ("Title VII"); 29 U.S.C.A. §206, et seq. ("EPA"); N.J.S.A. 10:5-1, et seq. ("NJLAD").

Brief description of cause:
Plaintiff brings this action against her former employer for discrimination based on her sex and retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: November 19, 2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

\IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHALONDA BLOUNT<br>Mays Landing, NJ 08330 | CIVIL ACTION NO. |
| Plaintiff,<br>v. | JURY TRIAL DEMANDED |
| ACOS ENERGY, LLC<br>505 Hamilton Avenue, Suite 200<br>Linwood, NJ 08221 | |
| Defendant. | |

## COMPLAINT

### I.  INTRODUCTION

Plaintiff, Shalonda Blount, brings this action against her former employer, Acos Energy, LLC ("Defendant"), for discriminating against her based upon her sex and for retaliating against her as a result of her complaints of discrimination. Defendant's discriminatory and retaliatory conduct includes undercompensating Plaintiff and terminating Plaintiff's employment for false and pretextual reasons, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Equal Pay Act, as amended, 29 U.S.C.A. §206, *et seq.* ("EPA"), and the New Jersey Law Against Discrimination, as amended (including as amended by the New Jersey Diane B. Allen Equal Pay Act), N.J.S.A. 10:5-1, *et seq.* ("NJLAD").

Plaintiff seeks all damages, including economic loss, treble damages, liquidated damages, compensatory damages, punitive damages, costs and attorney's fees, and all other relief this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Shalonda Blount, is an individual and a citizen of the state of New Jersey. She resides in Mays Landing, NJ.

2. Plaintiff is female.

3. At all relevant times, Defendant employed fifteen (15) or more employees.

4. Defendant maintains a principal place of business located at 505 Hamilton Avenue, Suite 200, Linwood, NJ 08221.

5. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the state of New Jersey.

6. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7. At all times material hereto, Defendant acted as an employer within the meanings of the statutes which form the basis of this matter.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meanings of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

9. The causes of action which form the basis of this matter arise under Title VII, the EPA and the NJLAD.

10. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

11. The District Court has jurisdiction over Count II (EPA) pursuant to 28 U.S.C. §1331.

12. The District Court has supplemental jurisdiction over Count III (NJLAD) pursuant to 28 U.S.C. §1367.

13. Venue is proper in the District Court under 28 U.S.C. §1391(b).

14. On or about November 7, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein. Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

15. On or about August 25, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for her EEOC Charge. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

16. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

**IV.   FACTUAL ALLEGATIONS**

17. Plaintiff was hired by Defendant in or around April 2019.

18. Plaintiff held the job title of Canvasser, which was essentially a door-to-door sales role.

19. Throughout the course of her employment with Defendant, Plaintiff demonstrated excellent performance and dedication to Defendant. Plaintiff

3

performed her duties in a highly competent manner.

20.    In or around late May 2019, Plaintiff complained to Defendant that a male Canvasser was being paid more than her.

21.    Plaintiff explained that the pay discrepancy was discriminatory based upon her sex.

22.    In response, Defendant told Plaintiff not to discuss compensation, and told her that the pay discrepancy was based upon "experience."

23.    Upon information and belief, Plaintiff was more experienced than the male employee who was paid more than her.

24.    Defendant did not provide any further explanation as to why Plaintiff was paid less.

25.    Defendant's stated reason for undercompensating Plaintiff as compared to the other male employee – "experience" – is false and a pretext for sex discrimination.

26.    Shortly after Plaintiff's initial complaint of sex discrimination, she sent an e-mail complaint to Defendant on or about May 30, 2019, in which she again complained that she was being undercompensated because of her sex.

27.    On that same day, May 30, 2019, shortly after Plaintiff sent that e-mail complaint, she had a telephone call with her manager regarding a work-related matter. During that call, Plaintiff's manager informed her that her employment was terminated.

28.    This telephone call with Plaintiff's manager, which occurred shortly after her e-mail complaint of discrimination, was the first time she was told that

4

her employment would be terminated.

29. During the termination telephone call, Plaintiff's manager did not provide any explanation as to why she was being terminated.

30. During that May 30, 2020 termination telephone call, Plaintiff's manager falsely stated that she had been terminated during a phone call with him earlier that day (prior to her e-mail complaint). Although Plaintiff was on a phone call with him earlier that day, there was no discussion of potentially terminating her employment. To the contrary, during that earlier call, Plaintiff was asked to complete additional work-related tasks consistent with her employment continuing. Furthermore, after the earlier call with her manager that day, Plaintiff continued to perform her job tasks, including knocking on doors as a Canvasser.

31. In response to Plaintiff's manager's false statement about her employment having been terminated previously, Plaintiff explained to him that that was not true and that she had not been terminated previously.

32. In response to Plaintiff informing him that what he was saying wasn't true, he hung up on her. When Plaintiff tried to call back, he did not answer.

33. Shortly after the call with her manager, Plaintiff had a telephone call with a supervisor, who confirmed that she was terminated, but still did not provide any explanation as to why, despite her asking.

34. Defendant terminated Plaintiff's employment because of her sex and her complaints of discrimination.

35. Defendant has not provided any explanation for falsely telling Plaintiff that her employment was terminated prior to her e-mail complaint on May 30,

2019.

36. Defendant compensated Plaintiff less than male employees for equal work requiring equal skill, effort and responsibility, and performed under substantially similar conditions.

37. Defendant failed to investigate Plaintiff's complaints of sex discrimination and failed to take appropriate corrective or remedial measures.

38. Defendant terminated Plaintiff's employment, without any legitimate explanation, almost immediately after she raised concerns of sex discrimination.

39. Defendant failed to provide Plaintiff with any legitimate, non-discriminatory explanation for undercompensating her as compared to other male employees.

40. Defendant failed to provide Plaintiff with any legitimate, non-retaliatory or non-discriminatory explanation for terminating her employment.

41. Upon information and belief, Defendant did not treat similarly-situated male employees and/or non-complaining employees in the same or similar manner.

42. Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

43. Plaintiff's sex was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including undercompensating Plaintiff and terminating her employment.

44. Plaintiff's complaints of discrimination were motivating and/or determinative factors in connection with Defendant's retaliatory treatment of Plaintiff, including terminating her employment.

45. The retaliatory actions taken against Plaintiff after she complained of discrimination would discourage a reasonable employee from complaining of discrimination.

46. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

47. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

48. No previous application has been made for the relief requested herein.

## **COUNT I – TITLE VII**

49. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

50. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

51. Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and their conduct warrants the imposition of punitive damages.

52.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

53.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

54.     No previous application has been made for the relief requested herein.

**COUNT II – EPA**

55.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

56.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the EPA.

57.     Management officials of Defendant acted with malice and reckless indifference in retaliating against Plaintiff after she complained of violations of the EPA, warranting the imposition of punitive damages. Defendant cannot show that it made good faith attempts to comply with the law.

58.     Plaintiff is entitled to liquidated damages under the EPA, and Defendant cannot show that its violations of the EPA were in good faith or that it had reasonable grounds for believing that its conduct was not in violation of the EPA.

59.     As a direct and proximate result of Defendant's violation of the EPA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

60. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the EPA unless and until this Court grants the relief requested herein.

61. No previous application has been made for the relief requested herein.

**COUNT III – NJLAD**

62. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

63. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the NJLAD.

64. Plaintiff's sex was a motivating factor in connection with Defendant's decisions to undercompensate her and to terminate her employment.

65. Defendant intentionally retaliated against Plaintiff because of her complaints of discrimination, including her complaints of being undercompensated.

66. Members of Defendant's upper management had actual participation in, or willful indifference to, Defendant's wrongful conduct described herein, and their conduct warrants the imposition of punitive damages against Defendant.

67. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

68. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

69. No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the EPA;

(c) declaring the acts and practices complained of herein to be in violation of the NJLAD;

(d) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(e) enjoining and restraining permanently the violations alleged herein;

(f) awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory and retaliatory conduct;

(g) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(h) awarding Plaintiff costs of this action, together with reasonable attorney's fees;

    (i) awarding punitive damages to Plaintiff under Title VII;

    (j) awarding punitive damages to Plaintiff under the NJLAD;

    (k) awarding liquidated damages to Plaintiff under the EPA;

    (l) awarding treble damages to Plaintiff under the NJLAD;

    (m) awarding Plaintiff such other damages as are appropriate under Title VII, the EPA and the NJLAD; and

    (n) granting such other and further relief as this Court deems appropriate.

            **CONSOLE MATTIACCI LAW, LLC**

Dated: November 19, 2020    BY: s/ Kevin Console
                Kevin Console, Esq.
                110 Marter Avenue, Suite 502
                Moorestown, NJ 08057
                Telephone: (215) 545-7676
                kevinconsole@consolelaw.com

                Attorney for Plaintiff,
                Shalonda Blount

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | _ FEPA<br>X  EEOC | |
| STATE OR LOCAL AGENCY: ____ | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>Shalonda Blount | TELEPHONE NUMBER (Include Area Code)<br>REDACTED | |
|---|---|---|
| STREET ADDRESS<br>REDACTED | CITY, STATE AND ZIP<br>Mays Landing, NJ 08330 | DATE OF BIRTH<br>REDACTED |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>ACOS Energy, LLC | NUMBER OF EMPLOYEES, MEMBERS<br>>500 | TELEPHONE (Include Area Code)<br>(609) 645-0066 |
|---|---|---|
| STREET ADDRESS<br>505 Hamilton Ave, Suite 200 | CITY, STATE AND ZIP<br>Linwood, NJ 08221 | COUNTY<br>Atlantic County |

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>__ Race   __ Color   X  Sex   __ National Origin<br>X  Retaliation   __ Age   __ Disability   __ Other | DATE DISCRIMINATION TOOK PLACE<br>Earliest                Latest  (May 2019) |
|---|---|

**The Particulars Are:**

1.   Relevant Work History

In April 2019[1], I was hired by ACOS Energy, LLC ("Respondent") as a Canvasser.

Throughout my employment with Respondent, I performed my duties in a highly competent manner. I was not written up or placed on a performance improvement plan or issued any other type of performance deficiency notice. Rather, I received positive feedback on my performance.

2.   Harm Summary

I believe that Respondent discriminated against me based on my sex and that Respondent retaliated against me for my complaints of discrimination. Evidence of discriminatory and retaliatory conduct includes, but is not limited to, the following:

    a) In late May 2019, I complained to Respondent that a male Canvasser was being paid more than me and that I believed the pay discrepancy was discriminatory based upon my sex.

    b) In response, Respondent told me not to discuss compensation, and told me that the pay discrepancy was based upon "experience."

    c) Upon information and belief, I was more experienced than the other male employee who was paid more than me.

---

[1] All dates contained herein are approximations.

1

d) Respondent did not provide any further explanation as to why I was paid less.

e) Respondent's stated reason for undercompensating me as compared to the other male employee – "experience" – is false and a pretext for sex discrimination.

f) Shortly after my initial complaint of sex discrimination, I sent an e-mail complaint to Respondent on May 30, 2019, in which I again complained that I believed I was being undercompensated because of my sex.

g) On that same day, May 30, 2019, shortly after I sent that e-mail complaint, I had a telephone call with my manager regarding a work-related matter. During that call, my manager told me for the first time that my employment was terminated.

h) This telephone call with my manager, which occurred shortly after my e-mail complaint of discrimination, was the first time I was told that my employment would be terminated.

i) During the termination telephone call, my manager did not provide any explanation as to why I was being terminated.

j) During that termination telephone call, my manager falsely stated that I had been terminated during a phone call with him earlier that day (prior to my e-mail complaint). Although I was on a phone call with him earlier that day, there was no discussion of potentially terminating my employment. To the contrary, during that earlier call, I was asked to complete additional work-related tasks consistent with my employment continuing. Furthermore, after the earlier call with my manager that day, I continued to perform my job tasks, including knocking on doors as a Canvasser.

k) In response to my manager's false statement about my employment having been terminated previously, I explained to him that that was not true and that I had not been terminated previously. In response to me informing him that what he was saying wasn't true, he hung up on me. When I tried to call back, he did not answer.

l) Shortly after the call with my manager, I had a telephone call with a supervisor, who confirmed that I was terminated, but still did not provide any explanation as to why, despite me asking.

m) Respondent terminated my employment because of my sex and my complaints of discrimination.

n) Respondent has not provided any explanation for falsely telling me that my employment was terminated prior to my e-mail complaint on May 30, 2019.

o) Respondent compensated me less than male employees for equal work requiring equal skill, effort and responsibility, and performed under substantially similar conditions.

p) Respondent failed to investigate my complaints of sex discrimination and failed to take appropriate corrective or remedial measures.

q) Respondent terminated my employment, without any legitimate explanation, almost immediately after I raised concerns of sex discrimination.

3.     Respondent's Stated Reason

Respondent has failed to provide me with any legitimate, non-discriminatory explanation for undercompensating me as compared to other male employees.

Respondent has failed to provide me with any legitimate, non-retaliatory or non-discriminatory explanation for terminating my employment.

4.     Statutes and Basis for Allegations

I believe that Respondent has discriminated and retaliated against me, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, *et seq.* ("Title VII").

| | |
|---|---|
| __ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) <br><br> I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 11/06/2019    Shalonda Blount <br> Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT <br><br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

3

RECEIVED 19 NOV -7 AM 11:41 EEOC PHILADELPHIA DISTRICT OFFICE

# EXHIBIT 2

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Shalonda Blount<br>REDACTED<br>Mays Landing, NJ 08330 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-00795 | Legal Technician | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

August 25, 2020

Enclosures(s)           **Jamie R. Williamson,**<br>**District Director**           *(Date Mailed)*

cc:    **Michael Appolonia**<br>**President**<br>**ACOS ENERGY, LLC**<br>**301 Pineridge Drive**<br>**Winston Salem, NC 27104**         **Kevin Console, Esq.**<br>**CONSOLE MATTIACCI LAW**<br>**110 Marter Avenue Suite 502**<br>**Moorestown, NJ 08057**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***